IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY FEERO, a/ka Terry Donovan, *Individually, and as Independent Administrator of the Estate of Bradley Donovan, Deceased*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAYMOND CLARENCE PARADISE, et al.,<br><br>　　　　Defendants. | Case No.   23-cv-2716-RJD |

**ORDER**

**DALY, Magistrate Judge:**

　　Plaintiff Terry Feero initiated this lawsuit in Madison County, Illinois on July 31, 2023. Defendant Robert Branum Trucking, L.P. ("Branum Trucking") removed the case to this Court on August 4, 2023, alleging that this Court has diversity jurisdiction (*see* Doc. 1). In its Notice of Removal, Branum Trucking explains that Plaintiff is a resident and citizen of the State of Illinois, as was the decedent, Bradley Donovan. Branum Trucking further asserts that it is a Texas Limited Partnership with a principal place of business in Amarillo, Texas, and it is owned by citizens of Texas and managed by a limited liability company whose sole member is also a citizen of Texas. Branum Trucking further asserts that of the twelve named defendants, only three are "local Defendants" of the State of Illinois: Greyhound Lines, Inc., Ryder Truck Rental, Inc., and ILoca Services, Inc. Branum Trucking asserts that because no other Defendants have been properly joined and served, removal is proper under 28 U.S.C. § 1441(b).

　　Plaintiffs filed a Response to Notice of Removal on August 8, 2023 (Doc. 12). Plaintiffs indicate their intent to "provide this Honorable Court with additional information to consider," and

state that they "will accept the decision of this Honorable Court regarding this matter as to whether or not removal is in the best interest of all concerned." In their Response, Plaintiffs note that upon information and belief multiple parties contributed to proximately cause the death of Plaintiffs' decedent, Bradley Donovan, who was a passenger in the Greyhound bus. Plaintiffs also indicate that Attorney Daniel Lytle for co-defendant Greyhound Lines, Inc. was provided courtesy copies of the Complaint and Jury Demand filed in Madison County, Illinois with a request to accept service. Plaintiffs make no representation as to Attorney Lytle or Greyhound Lines, Inc.'s response to their request to accept service. There is no indication that any Defendant other than Robert Branum Trucking, L.P. has been served in this case.

A civil action is removable on the basis of diversity jurisdiction only if there is complete diversity of the named parties, assessed "both at the time of the original filing in state court and at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted). It is well settled that "the citizenship of all defendants, regardless of service, must be considered in determining whether diversity jurisdiction exists." *In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, No. 3:12-md-2385-DRH-SCW, 2013 WL 656822, at *4 (S.D. Ill. Feb. 22, 2013). The forum defendant rule, 28 U.S.C. § 1441(b)(2) is a separate, nonjurisdictional inquiry that considers service. *See Johnson v. Ulta, Inc.*, Cause No.: 2:22-CV-240-TLS-JPK, 2023 WL 4759218, at *3-4 (N.D. Ind. July 26, 2023).

It appears that, based on the briefing before the Court and a quick read of Plaintiff's Complaint, there is not complete diversity among the parties. Defendant Branum acknowledges this, but seems to improperly rely on 28 U.S.C. § 1441(b)(2)'s service element to discount it. It is not clear if Defendant Branum Trucking is alleging fraudulent joinder as an exception to § 1332's complete diversity requirement.

The Court seeks to rectify any issues with its subject matter jurisdiction as expeditiously as possible.   As such, the Court **ORDERS** the following:

1. Defendant Branum Trucking, L.P. shall **SHOW CAUSE** by **September 1, 2023** explaining why this matter should not be should not be dismissed for lack of subject matter jurisdiction given the lack of diversity of the parties.

2. Plaintiff may file a motion to remand in the timeframe set by the Federal Rules of Civil Procedure. If a motion to remand is filed, the parties shall follow the Court's Local Rules in filing a response and a reply, if any.

3. Defendant Barnum Trucking, L.P.'s Motion for Extension of Time to Respond to Plaintiff's Response to Notice of Removal (Doc. 21) is **DENIED**.   The Court shall limit the briefing on the issue of the Notice of Removal and subject matter jurisdiction to the filings outlined above.

**IT IS SO ORDERED.**

**DATED: August 23, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**