IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY FEERO a/k/a Terry Donovan,   )
*Individually,   and   as   Independent*   )
*Administrator of the Estate of Bradley*   )
*Donovan, Deceased,*   )
                                    )   **Case No. 23-cv-2716-DWD**
         **Plaintiff,**   )
                                    )
vs.   )
                                    )
RAYMOND   CLARENCE   PARADISE,   )
et al.,,,

         **Defendants.**

<u>**MEMORANDUM & ORDER**</u>

**DUGAN, District Judge:**

On July 12, 2023, a Greyhound bus struck several commercial tractor-trailers parked on an exit ramp on Interstate 70 near Highland, Illinois. Multiple people were seriously injured, and three individuals died, including Decedent Bradley Donovan who was a passenger on the Greyhound bus.

On July 31, 2023, Terry Feero ("Feero"), individually and as independent administrator of the Estate of Bradley Donovan (collectively, "Plaintiffs"), filed the instant lawsuit in Madison County, Illinois naming multiple defendants. Defendant Robert Branum Trucking, L.P. ("Branum Trucking") removed the action on August 4, 2023 (Doc. 1). Plaintiffs have filed a Response to the Notice of Removal (Doc. 12) and a Motion to Remand (Docs. 23 & 24). Branum Trucking did not respond to Plaintiffs' Motion to Remand. Both parties, however, have filed briefing in response to a Show Cause Order (Doc. 22) entered by the Magistrate Judge initially presiding over the case

(Docs. 40 and 41). The case was transferred to the undersigned on October 4, 2024. For the reasons set forth below, the Court **REMANDS** this action for lack of subject matter jurisdiction.

## I.       BACKGROUND

### A.  The Accident and Complaint

On July 12, 2023, Decedent Bradley Donovan was a passenger on a Greyhound Bus. At approximately 2:00 a.m., Defendant Raymond Clarence Paradise ("Paradise"), the driver of the Greyhound Bus, struck three vehicles: (1) a freightliner and its trailer (collectively, "Freightliner") being operated by Defendant Abdikadir A. Ibrahim ("Ibrahim"); (2) a 2000 Kenworth and its trailer (collectively, "Kenworth") being operated by Defendant Everett Jennings Sharp ("Sharp"); and (3) a 2023 Mack ("Mack") being operated by Defendant David Scott Cherno ("Cherno"). At the time of the accident, the Greyhound Bus was traveling in a westbound direction on the exit ramp to Silver Lake Rest Area from westbound I-70 in Madison County, Illinois; the Freightliner, the Kenworth, and the Mack were all parked on the exit ramp.

On July 31, 2023, Plaintiffs initiated this 33-count-lawsuit, naming twelve defendants. As is relevant to the jurisdictional issues presently before the Court, Plaintiffs and Defendant ILoca Services, Inc. ("ILoca") are citizens of Illinois.[1] According to the Complaint, Defendants Ryder Truck Rental, Inc., ("Ryder Truck"), ILoca Services, Inc.

---

[1] In its Notice of Removal, Branum Trucking alleged that there were three "local" defendants (Greyhound Lines, Ryder Truck, and ILoca). Branum Trucking further alleged that these defendants had been fraudulently joined. It appears that Branum Trucking was mistaken as to the citizenship of Ryder Truck and Greyhound Lines. Subsequent briefing indicates that these parties are not Illinois citizens. As such, the only diversity-destroying defendant is ILoca services.

("ILoca"), and MZ CARGO, Inc., ("MZ Cargo"), owned, operated, or were otherwise legally responsible for the Freightliner and its operator Ibrahim.[2] The remaining defendants are citizens of states other than Illinois.

### B. Removal and Subsequent Pleadings

On August 4, 2023, Branum Trucking accepted service of process and removed the case, alleging diversity jurisdiction. At the time of removal, no other defendants had been served. (Doc. 1, p. 4). On August 23, 2023, the Magistrate Judge initially assigned to the case issued a show cause order, directing the parties, in relevant part, as follows:

> It appears that, based on the briefing before the Court and a quick read of Plaintiff's Complaint, there is not complete diversity among the parties. Defendant Branum acknowledges this, but seems to improperly rely on 28 U.S.C. § 1441(b)(2)'s service element to discount it. It is not clear if Defendant Branum Trucking is alleging fraudulent joinder as an exception to § 1332's complete diversity requirement.
>
> 1.   Defendant Branum Trucking, L.P. shall SHOW CAUSE by September 1, 2023 explaining why this matter should not be should not be dismissed for lack of subject matter jurisdiction given the lack of diversity of the parties.
> 2.   Plaintiff may file a motion to remand in the timeframe set by the Federal Rules of Civil Procedure. If a motion to remand is filed, the parties shall follow the Court's Local Rules in filing a response and a reply, if any.

(Doc. 22).

---

[2] As to the other defendants, the Complaint alleges as follows: (1) Defendants Greyhound Lines, Inc and Americanos U.S.A., L.L.C., owned, operated, or were otherwise responsible for the Greyhound bus and its operator, Paradise; (2) Defendants Richard, Inc., and Richard Wolfe Trucking, Inc. owned, operated, or were otherwise legally responsible for the Kenworth and its' operator Sharp; and (3) Defendant Robert Branum Trucking, LP ("Branum Trucking") owned, operated, or was otherwise legally responsible for the Mack and its operator Cherno. A Motion to Dismiss Defendant Richard, Inc. is presently pending (Doc. 65).

Plaintiffs and Branum Trucking have responded to the Show Cause Order (Docs. 40 and 41). Branum Trucking argues that ILoca has been fraudulently joined and therefore, the Court should disregard its citizenship. In support of its fraudulent joinder argument, Branum Trucking has attached an affidavit from ILoca stating that: (1) the Freightliner being operated by Ibrahim was owned by ILoca; (2) ILoca leased the Freightliner to MZ Cargo; and (3) MZ Cargo's only relationship to ILoca is that of a lessee of ILoca's equipment. Branum Trucking claims this affidavit demonstrates there was not an employment or agency relationship between ILoca and MZ Cargo or Ibrahim. Branum Trucking further contends that, because ILoca is nothing more than an owner/lessor, Plaintiffs' claims are preempted by the Graves Amendment, 49 U.S.C. § 30106. Additionally, Branum Trucking notes that "there are no allegations that the [Freightliner being operated by Ibrahim] was defective." Accordingly, Branum Trucking argues, "there is no other alleged independent basis for liability against ILoca except that Ibrahim was its employee or agent." (Doc. 40, p. 7).

Plaintiffs note that ILOCA has identified itself as being a "partner" with drivers such as Ibrahim and/or carriers such as MZ CARGO. Given this representation, Plaintiffs argue, it is "certainly plausible" that any partnership between ILoca, MZ Cargo, and Ibrahim could establish ILoca's vicarious liability. Plaintiffs also argue the Complaint could be amended to bring a claim alleging that the Freightliner was defective. In support of this argument, Plaintiffs state that they have served ILoca with preservation letters to ensure that they have an opportunity to inspect the Freightliner for defects.

4

## II.     LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441. Generally speaking, so long as the case could have originally been filed in federal court, the case may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Moreover, doubts concerning removal must be resolved in favor of remand to the state court. *Id*.

Removal based on federal diversity jurisdiction requires that the parties to a case be of completely diverse state citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83-84 (2014). Where diversity of citizenship is not complete, a federal court may disregard the citizenship of a diversity-defeating defendant on removal when that defendant has been fraudulently joined. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). A defendant seeking removal based on fraudulent joinder has the heavy burden of proving that, after the court resolves all issues of law and fact in a plaintiff's favor, there is no reasonable probability that the plaintiff can establish a cause of action against the diversity-defeating defendant in state court. *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013);

*Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Removing defendants must also comply with the procedural requirements for removal. The procedure for achieving removal in set forth in 28 U.S.C. § 1446. Where there is a procedural defect in removal and the plaintiff raises an objection to that defect within 30 days of the date of removal, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

### III.    Discussion

### A.  Procedural Defect in Removal

In their Memorandum in Support of Motion to Remand, Plaintiffs state that they have "raised a timely objection to the procedural defect in the removal of this case." But Plaintiffs' filings do not identify a procedural defect. Their Memorandum in Support of Motion to Remand spends a considerable amount of time discussing the time limits for filing a motion to remand (Doc. 24 p. 2).[3] But Plaintiffs do not allege that the removal was untimely. Nor could they. Branum Trucking removed the action on August 4, 2023 – four days after it was filed in Madison County Circuit Court and on the same day it accepted service of process.

In their Motion to Remand, Plaintiffs reference and attach as an exhibit an email chain demonstrating that Co-Defendant Greyhound Lines was served on August 10, 2023

---

[3] In general, a defendant seeking to remove a case from state court to federal court must file a notice of removal within thirty days after service of an initial pleading in the case. *See* 28 U.S.C. § 1446(b). If, however, a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

(six days after removal). The significance of this is unclear. Branum Trucking was required to obtain the written consent of all parties who had been properly joined and served *at the time of removal*. 18 U.S.C. § 1446; *Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc., 676 F.2d 270, 272 (7th Cir.1982)*. The record indicates that, at the time of removal, only Branum Trucking had been served. Accordingly, the Court finds no basis for remand based on a failure to obtain the written consent of properly joined and served parties.

## B. Amount in Controversy

In a case removed from state court, the amount in controversy is the amount required to satisfy a plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca–Cola Co., 472 F.3d 506, 510–11 (7th Cir. 2006)*. Branum Trucking, as the removing party and proponent of federal jurisdiction, has the burden of proving by a preponderance of the evidence facts suggesting that the amount-in-controversy requirement is met. *See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)*. "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l, 639 F.3d 761, 763 (7th Cir. 2011)* (citing *Oshana, 472 F.3d at 511*). Finally, as a general rule, the amount in controversy must be met with respect to *each* defendant and with respect to at least one individual plaintiff. *McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009)*; *LM Ins. Corp. v. Spaulding Enterprises Inc., 533 F.3d 542, 548 (7th Cir. 2008)*.

In their Motion to Remand, Plaintiffs contend that the amount in controversy is not met as to Branum Trucking. In support of this claim, Plaintiffs filed a post-removal

settlement demand directed at Branum Trucking for $74,000.00. Because Plaintiffs' settlement demand was filed *after* removal, it cannot be considered. *In re Shell Oil Co.,* 970 F.2d 355 (7th Cir. 1992) (post-removal statements do not defeat jurisdictional amount); *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 510–11 (7th Cir.2006) ("The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, ..., or in the event of removal, on the day the suit was removed…") (citations omitted).

Plaintiffs' only argument as to the amount in controversy is their settlement demand, which cannot be considered. Nonetheless, the Court must still make its own determination as to whether the jurisdictional amount is satisfied. *Smith v. American General Life and Accident Ins. Co., Inc.,* 337 F.3d 888, 893 (7th Cir.2003) (court has "independent obligation" to ensure jurisdictional amount is met).

In its removal papers,[4] Branum Trucking alleges as follows as to the amount in controversy:

> The amount in controversy for Plaintiff exceeds $75,000.00 exclusive of interest and costs. Plaintiff's Complaint claims Respondeat Superior Liability against this Defendant for the actions of its driver for the wrongful death of Bradley Donovan. The medical bills and damages are currently unknown. However, the wrongful death of Bradley Donovan alone satisfies the $75,000.00 jurisdictional requirement for removal purposes.

Branum Trucking's argument, at its heart, is based on the notion that, because this case involves the loss of human life, the jurisdictional minimum is necessarily met. Although a lawsuit involving loss of life is an odds-on bet for meeting the jurisdictional

---

[4] Branum Trucking did *not* respond to Plaintiffs' Motion to Remand. It did, however, respond to the order to show cause issued by the Magistrate Judge previously assigned to the case. But that briefing does not address the amount in controversy.

minimum, the Court questions whether such guesswork is an appropriate basis for establishing federal subject matter jurisdiction, particularly in the context of removal. *See e.g., Navarro v. LTV Steel Co.,* 750 F. Supp. 928 (N.D. Ill. 1990) (remanding wrongful death lawsuit even though such lawsuits almost always meet the jurisdictional minimum because federal jurisdiction should not be based on speculation). On the other hand, where a state-court complaint indicates that damages exceed the state court jurisdictional threshold of $50,000 *and* includes a wrongful death claim (as is the case here), district courts have applied common sense to conclude that there is a good faith basis for removal. *See e.g., Wozniak v. Wyndham Hotels and Resorts, LLC.,* 2009 WL 901134, *1 (N.D. Ill. March 31, 2009). *See also Cheney v. Menard, Inc.,* 2016 WL 447419, *1 n. 1 ("reasonable and common sense" reading of the Complaint established the amount in controversy, providing a plausible basis for removal).

The Court, however, need not resolve this question for purposes of this action. It is evident from the face of the Complaint that the jurisdictional amount is met as to *each* defendant.[5]  Plaintiffs bring a claim against each Defendant for the wrongful death of

---

[5]As previously noted, generally, the amount in controversy must be met with respect to *each* defendant and with respect to at least one individual plaintiff. *McMillian v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 844 (7th Cir. 2009). "It is well settled that while an individual plaintiff's multiple claims against a single defendant may be aggregated to determine diversity jurisdiction, the separate claims of multiple plaintiffs against a single defendant cannot be aggregated to meet the jurisdictional requirement." *Clark v. State Farm Mut. Auto. Ins. Co.,* 473 F.3d 708, 711 (7th Cir. 2007). Moreover, "when there are two or more defendants, [a party] may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, [a party] must satisfy the amount in controversy requirement against each individual defendant." *LM Ins. Corp. v. Spaulding Enters.,* 533 F.3d 542, 548 (7th Cir. 2008). In Illinois, "the test of jointness," is the "indivisibility of the injury." *Burke v. 12 Rothschild's Liquor Mart, Inc.,* 148 Ill. 2d 429, 593 N.E.2d 522 (1992). It appears that under Illinois law, the defendants would be jointly liable for each plaintiff's indivisible injury, and therefore the damages as to each defendant could be aggregated to establish the amount in controversy. Nonetheless, even if aggregation was not permitted, the allegations in the Complaint establish that the jurisdictional amount is met as to each defendant.

decedent and a claim against each Defendant under the Illinois Survival Act for medical and funeral expenses. These are separate claims that should be aggregated for purposes of determining the amount in controversy. *See Sagez v. Columbus McKinnon,* 2015 WL 13836836 (S.D. Ill. June 1, 2015); *Hanlon v. XY Tool & Die, Inc.,* No. 04 C 410, 2004 WL 838035, at *2 (N.D. Ill. Apr. 16, 2004) (jurisdictional amount satisfied in a removed case where the complaint contained three counts, each of which pleaded for damages in excess of $50,000, and the claims involved distinct causes of action based on wrongful death and survival); *Simmons ex rel. Estate of Simmons v. Norfolk Southern Ry. Co.,* 324 F. Supp. 2d 914, 915 (S.D. Ill. 2004) (wrongful death claim and claim under the Illinois Survival Act were "separate claims and, for purposes of determining the amount in controversy, should be aggregated."). Thus, the Court finds that the amount in controversy requirement for is met.

## C. Fraudulent Joinder

Under the fraudulent joinder doctrine, an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has "no chance of success." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992); *see also Walton v. Bayer Corp.,* 643 F.3d 994 (7th Cir.2011); *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009).[6] To establish fraudulent joinder, a removing defendant "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state

---

[6] Outright fraud in a plaintiff's pleading of jurisdictional facts can also make joinder fraudulent, but Branum Trucking has not made this claim. *Poulos,* 959 at 73.

defendant." *Id.* (emphasis in original). If the removing defendant can meet this "heavy burden," *Poulos,* 959 F.2d at 73, the federal district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur,* 577 F.3d at 763.

In conducting a fraudulent joinder analysis, the Court must, without deciding the merits of the case, evaluate the plaintiff's claim using an inquiry akin to that used on a motion brought under Federal Rule of Civil Procedure 12(b)(6). Thus, a court initially looks at the allegations of the complaint to determine whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 764 (7th Cir. 2009). The process, however, is even more deferential to the plaintiff than a Rule 12(b)(6) motion, as the court must resolve all issues of "fact and law" in favor of the plaintiff. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992) (citing *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981)).

Plaintiffs bring claims against ILoca under a *respondeat superior* theory of liability. According to the Complaint, Ibrahim, the individual operating the Freightliner, was acting as ILoca's agent, servant, employee, and/or apparent agent at the time of the accident. Branum Trucking contends that Ibrahim was not an agent or employee of ILoca. According to Branum Trucking, ILoca's only involvement in this matter is that it leased the Freightliner to MZ Cargo, Ibrahim's employer. In support of this claim, Branum Trucking has attached an affidavit from the Vice-President of ILoca indicating that it merely leased the Freightliner to MZ Cargo and stating that there is no agency or

employment relationship between ILoca and MZ Cargo or Ibrahim.[7] According to Branum Trucking, given that the relationship at issue is nothing more than a lessor-lessee relationship, ILoca cannot be held liable for the actions of Ibrahim.[8]

In support of this argument, Branum Trucking points to the Graves Amendment, 49 U.S.C. § 30106. Congress passed the Graves Amendment to protect the motor vehicle rental and leasing industry against claims of vicarious liability where the leasing or rental company's *only* relation to the claim is as the owner of the motor vehicle in question. *See Johnson v. XTRA Lease LLC,* 2010 WL 706037. Branum Trucking further argues that, because the Complaint does not allege that the Freightliner was defective, there is no other basis for liability against ILoca.

Plaintiffs first contend that the action should be remanded because there is a possibility that they will amend their complaint to include allegations that the Freightliner was defective. To establish fraudulent joinder, a defendant "need not negate any possible theory that [the plaintiff] might allege in the future: only [the plaintiff's] present allegations count." *Poulos v. Naas Foods*, *Inc.*, 959 F.2d 69, 74 (7th Cir. 1992). Thus, the fact that Plaintiffs might bring claims pertaining to defects in the Freightliner at some point in the future does not defeat Branum Trucking's fraudulent joinder allegations.

---

[7]   In evaluating a claim of fraudulent joinder, a court may in some circumstances "pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony[; therefore,] … a limited use of affidavits and other evidence is permissible so long as the evidence is not used to pre-try the case." *Peters v. AMR Corp.*, 1995 WL 358843, *3 (N.D. Ill. June 13, 1995)* (internal quotations and citations removed). *See also Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006).

[8]

Plaintiffs also argue that, despite the allegations in ILoca's affidavit, Plaintiffs could still prove the existence of an agency relationship between ILoca and Ibrahim or his employer MZ Cargo. In support of this argument, Plaintiffs note that, in its' marketing materials, ILoca identifies itself as being a "partner" with both drivers (like Ibrahim) and carriers (like Ibrahim's employer, MZ Cargo). Given this representation, Plaintiffs contend it is plausible that any partnership between ILoca, MZ Cargo, and Ibrahim, could establish ILoca's vicarious liability for the negligence of Ibrahim. The Court agrees. There is a reasonable possibility that Plaintiffs could prove the existence of an agency relationship between ILoca and Ibrahim or MZ Cargo. And the existence of an agency relationship between ILoca and Ibraham or MZ Cargo may allow Plaintiffs to avoid Graves Amendment preemption. *See e.g., Johnke v. Espinal-Quiroz,* 2016 WL 454333 ("The Graves Amendment was designed to protect rental companies who are sued simply because they own a vehicle that was involved in an accident. Agency and employer-based theories of liability presuppose a level of involvement by the lessor that goes beyond simply owning the vehicle, thereby putting such claims beyond the scope of the Graves Amendment.").

Given the lenient standard the Court must apply when evaluating fraudulent joinder claims – resolving all questions of law and fact in Plaintiffs' favor – the Court finds that Branum Trucking has failed to demonstrate that there is no reasonable possibility of Plaintiffs recovering from ILoca. Therefore, complete diversity does not exist in this case.

**CONCLUSION**

13

For these reasons, the Court **GRANTS** the Motion to Remand (Doc. 23) for lack of subject matter jurisdiction and **REMANDS** the case to the Circuit Court of Madison County, Illinois. All other pending motions are **DENIED** as moot and all deadlines and hearings are **CANCELLED**. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Memorandum and Order to the Circuit Clerk of that state court and to close this case.

**SO ORDERED.**

Dated: November 9, 2023

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

14